DOWNEY, Judge.
Having been charged with possession of certain hallucinogenic drugs, appellant moved to quash the search warrant and suppress the evidence seized thereunder. After hearing argument of counsel the trial court granted the motion, and the state has appealed.
The thrust of the attack on the search warrant is directed at the affidavit on which the warrant was issued. Appellee charged the affidavit contained insufficient facts to justify the affiant’s reliance upon information furnished him by an informant. He also maintains the warrant failed to adequately identify a person named therein.
The affidavit in question is three pages in length. A detailed resumé of the factual statements therein would unduly protract this opinion without benefit to the jurisprudence of this state. Suffice it to say that we have carefully studied the affidavit and find the statements contained therein based upon the affiant’s personal knowledge, and information from an informant who had demonstrated his reliability were sufficient to warrant a man of reasonable caution to believe that the law relating to narcotics and drug abuse was being violated in appellees’ described residence.
Accordingly, the trial court erred in granting the motion to quash and in suppressing the evidence thereby obtained.
Reversed.
WALDEN, J., and KNOTT, JAMES R., Associate Judge, concur.